WILLIAM McFARLAND, Defendant in Error, *v.* SENECA CARVER, Plaintiff in Error.

*Vendors and Purchasers—Fraud.*—If the vendor of land fraudulently misrepresents to the purchaser the condition of the land so as to induce the purchase, or fraudulently conceal facts material to the purchaser, or use any artifice to mislead him as to its condition, the vendor will be liable to the purchaser for the damages sustained caused by such misrepresentation, concealment, or artifice.

### *Error to Marion Circuit Court.*

McFarland sued Carver upon promissory notes, and for the foreclosure of a mortgage given to secure them. On the 24th day of October, 1856, McFarland sold to Carver the lands mentioned in the petition for $7,000; Carver paid $5,000 cash, and gave his two notes, of $1,000 each, for the balance.

For defence, and by way of counter-claim, Carver set up in his answer, that " plaintiff, well knowing that about one hundred and twenty acres of said land had, prior to said sale, been overflowed by the waters of the Mississippi river, falsely and fraudulently represented to the defendant that the said one hundred and twenty acres had never been overflowed or inundated; and the defendant being ignorant that said land had been overflowed, and relying upon the truth of the said false and fraudulent representation, accepted the purchase of said lands, and by means of the promises he has been damaged $3,500, which he asks to be set off. And for further defence, " that, at and prior to the time of said sale

and delivery of said notes, plaintiff, well knowing said lands had overflowed, and were liable to overflow, fraudulently concealed from defendant that fact; and that defendant was ignorant that said part of said land had been overflowed, and was subject to overflow, and therefore claimed $3,500 damages.

The replication of the plaintiff admitted the sale of the land for $7,000, and the payment of $5,000, and that the two notes, for $1,000 each, were given for the balance; and admitted that one hundred and twenty acres overflowed, and was subject to overflow, but denied that he represented that the one hundred and twenty acres had never been overflowed by the waters of the river; denied that defendant was ignorant that same was subject to overflow; denied that he made any fraudulent concealment from the defendant of the overflow and inundation, or the liability of said land to overflow; and denied that defendant was ignorant thereof.

A jury was empannelled, and found a verdict for the plaintiff for debt and costs.

Plaintiff requested the court to instruct the jury as follows:

1. If the jury believe, from the evidence, that the defect set up as the basis of the defendant's counter-claim was patent, that is, such as might have been discovered by ordinary vigilance on the part of defendant (the purchaser), then the plaintiff was not bound to point out such patent defect, and hence the jury should find for the plaintiff.

To this instruction defendant excepted.

The court, on its own motion, gave the jury the following instructions:

1. If the jury believe, from the evidence in the cause, that plaintiff, at or before the sale of the land in question to the defendant, knowing said land to be subject to overflow, used any artifice to mislead the mind of the defendant, and throw him off his guard, and to prevent him from making as careful an examination of the land in question as a man of ordinary prudence would otherwise have made; and that defendant was thereby misled, thrown off his guard, and prevented from examining said land, and in consequence

McFarland v. Carver.

thereof was and remained ignorant of the fact that said land was subject to overflow, up to the time when he bought said land, then, and in that case, the jury should find for the defendant, and assess damages according to the measure heretofore stated by the court.

2. The burden of proof, under the issues in the case, is upon the defendant, and the jury will find for the plaintiff the full amount of balance of principal and interest due on the notes sued on, unless it has been proven to this jury by the evidence in the cause—1st, that the defendant Carver, when he bought it off plaintiff, was ignorant that the land in question was subject to inundation or overflow, and that plaintiff, knowing that fact, failed to disclose it to defendant; 2d, that defendant was ignorant, when he bought said land of plaintiff, that it was subject to inundation or overflow, and that plaintiff represented to defendant, before said sale was closed, that it was not subject to inundation or overflow, knowing such representation to be untrue.

3. If the jury find, from the evidence in the cause, that plaintiff either so misrepresented to, or concealed from defendant, as to the fact that said land was subject to overflow, they should find for defendant, on his counter-claim, and allow him such damages as they may consider he has sustained by reason thereof.

4. If the jury find the issues joined on defendant's counter-claim, or either of such counter-claims, for defendant, the measure of damages is the amount the land was worth in the market, less, if anything, in consequence of its being subject to overflow, than it would have been worth if it had not been subject to overflow.

5. If the amount of damage so found by the jury be less than the amount of the balance of principal and interest due on said notes, the verdict should be for the balance due on said notes, after deducting such damage from the principal thereof, at the date of said notes; and if such damage be equal to such balance of principal due on said notes, the verdict should be for the defendant; and if the damages so found,

in favor of defendant, exceed the amount of said notes, the verdict should be for the defendant, for such excess.

6. That unless the plaintiff knew, or had reason to believe, that the defendant was ignorant of the fact that the land in question was subject to overflow, he was not bound to state the fact to the defendant.

7. If the jury believe, from the evidence in the cause, that before the defendant bought the land in question from the plaintiff, he was informed by plaintiff, or by any credible man or men, and believed by him to be such, and believed by him to be correctly informed on the subject, that the land in question was subject to overflow, then the jury should find for the plaintiff.

To the giving of these instructions defendant excepted.

The jury found a verdict for the amount of the notes and interest.

*Drummond & Lipscomb*, for plaintiff in error.

I. The court erred in refusing to grant the continuance. The absence of a material witness, in the military service of the United States, is sufficient cause for the continuance of a suit. (See Session Acts of Mo. 1863, p. 15.) The affidavit was sufficient in other respects. (1 Mo. 700; 4 Mo. 444; 8 Mo. 500.)

Absence of a witness in the military service is an additional cause for continuance. (See title of above Act of 1863, p. 15.)

II. The court erred in giving to the jury the first instruction on the part of the plaintiff, viz:

The error consists in this, that the instruction submits the question as to whether the defect was latent or patent to the jury. This is a question of law, to be decided by the court. The defect complained of is the overflow of the land; this would be patent only when the water was on the land, or when there were apparent signs of the inundation. The defect was latent, and the court should so have instructed the jury. (See Web.'s Dic., *voc.* " latent " and " patent "; Dart's

Vend. 38.) This instruction ignores the question of fraudulent representations, and yet directs the jury to find for the plaintiff if they believe the defects patent.

III. The second instruction, given by the court of its own motion, is erroneous. It requires the defendant to prove that he was ignorant that the land overflowed, and that plaintiff knew he was ignorant thereof. It is never in the power of one party to prove what the other does or does not know. To know that an article sold for a sound price, is defective; and not to disclose the defect, is fraud. (27 Mo. 531; Dart's Vend. 40, and notes; 24 Mo. 223.)

IV. The third instruction is erroneous; it makes the duty to disclose depend entirely upon plaintiff's knowledge or reason to believe that defendant was ignorant of the defect. He (plaintiff) is bound to disclose latent defects. (Dart's Vend. 40, and notes; 24 Mo. 223.) The party selling property will be presumed to know its quality. (Hill. on Vend. 327.) In such case he is bound to disclose defects, if unknown to the purchaser. (Hill. on Vend. 327; McAdams v. Cates, 24 Mo. 223.)

Where a vendor sells a defective article, knowing the existence of the defect, for a sound price, and does not disclose it to the vendee, he is guilty of fraud. (27 Mo. 531; 24 Mo. 223; Rolle Abr. 90; Southern v. Howe, 2 Rolle, 5.)

*T. L. & W. R. Anderson*, for defendant in error.

I. The instructions asked by the plaintiff, and those given by the court at its own instance, embrace the whole law of the case. They substantially instruct the jury, that if the plaintiff failed to disclose the fact that the land was subject to overflow, the defendant being ignorant of it; or that plaintiff represented to the defendant that it was not subject to overflow; or that he misrepresented or concealed from defendant the fact that said land was subject to overflow, they should find for defendant; thus making the law of the case as broad, if not broader, for the defendant, than the counsel conceived it to be, as shown by the allegations in the counter-claim. (Dart's Vend. 38.)

BATES, Judge, delivered the opinion of the court.

There is no ground for reversing this case. The instructions given required the jury to find for the defendant if the plaintiff misrepresented to the defendant, or concealed from him, the true condition of the land sold ; or used any artifice to mislead the defendant as to its condition. This put the case as favorably for the defendant as the law required, and the other instructions did not weaken the effect of those first mentioned. Without repeating them all, it is sufficient to say, that, taken together, they presented the case to the jury very fairly.

The motion for a continuance is not considered, because it is not made a part of the record by the bill of exceptions. Judgment affirmed. Judge Bay concurs.

Judge Dryden did not sit, having been of counsel in the lower court.