James R. NICHOLS, Jr., and Mary Frankie Nichols, Respondents,

v.

Ralph HENDRIX and Verna Mae Hendrix, Appellants.

No. 22721.

Kansas City Court of Appeals.

Missouri.

April 7, 1958.

Randolph & Randolph, Lewis F. Randolph, St. Joseph, for appellants.

Stanley I. Dale and Whitney W. Potter, St. Joseph, for respondents.

BROADDUS, Presiding Judge.

This suit was filed in the Circuit Court of Buchanan County and was sent to Andrew County on plaintiffs' application for a change of venue. The petition charged fraudulent representations in the sale to plaintiffs of a new house located just outside of the city limits of St. Joseph and built by defendant Ralph Hendrix. The jury returned a verdict for plaintiffs awarding damages in the amount of $5,500, and judgment was rendered accordingly, which judgment, after voluntary remittitur by plaintiffs of $2,000, was by the court reduced to $3,500, and defendants' motion for new trial overruled. Defendants have appealed.

Defendants do not contend that plaintiffs did not make a submissible case and thus there is no need to set forth the evidence. Their sole contention made here is that the court erred in giving Instruction I on behalf of plaintiffs. That instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on or prior to the date of October 25, 1954, Ralph Hendrix undertook to induce plaintiffs to purchase property located at 2023 Sun Valley, near St. Joseph, Missouri, if so; and that said Ralph Hendrix, as aforesaid, stated and represented to plaintiffs

that said house upon said property was built of superior workmanship and materials and constructed in every way according to standard and recognized specifications and construction, if so; that he knew and was an expert on values of houses, construction and property in St. Joseph, the vicinity and the neighborhood of many years experience, if so; that it was fully insulated and vented and that he would properly finish off the rooms and house on the final details by proper taping, plastering, sanding of nail heads and the like to plaintiffs' satisfaction after the consummation of the sale; that the furnace was fully adequate to heat the house and that their gas bills would not exceed $12.00 per month; and if you further find and believe from the evidence that plaintiffs were unfamiliar with real estate values and building construction, if so; that by reason of the assurances of said defendant, Ralph Hendrix, to plaintiffs they believed that he was fairly stating the facts to them, if so; and that the plaintiffs believed the aforesaid statements and representations of said defendant, Ralph Hendrix, if so; and that the said defendant Ralph Hendrix, and defendant, Verna Mae Hendrix, participated in the benefits of the sale, if you so find, fraudulently induced plaintiffs, by the aforesaid, and by the use of any artifice or concealment, if so, to purchase said property without inspecting the premises as an ordinary reasonable man of prudence would have done, had such representations not been made and such wrongful acts not been done by said defendant, Ralph Hendrix, if so; and that thus and thereby said defendant, Ralph Hendrix, induced plaintiffs to purchase said property without the aforesaid investigation or outside advice as to the condition or value of said property, if so; and that said Ralph Hendrix made such statements and representations and committed said acts of concealment for and in behalf of all the defendants, and for himself, knowing they were false and untrue, or knowing that he did not know whether they were false or untrue, if so; and that said representations were made by said Ralph Hendrix in the scope of his agency and line of his duty as agent, or if you find that the same were thereafter ratified by said defendants, by participation in the benefits and proceeds from said sale, if so; and that said representations were made for the purpose of deceiving plaintiffs, if so; and that plaintiffs believed such statements and representations, and, as the direct and proximate result thereof, purchased the aforesaid property in reliance thereon, if so; and if you further find and believe from the evidence that said statements and representations were untrue and that the house was not well built of superior craftsmanship and materials and was not constructed in every way according to standard and recognized specifications, and that the same was not insulated or vented, and that said defendant, Ralph Hendrix, did not finish the same as he represented he would do, and that the furnace was not adequate to heat the house and that plaintiffs' heating bills ran far in excess of the represented amount of $12.00 per month on certain months and that the plumbing, electrical work, carpentry work and masonry work and others were of inferior quality and sub-standard workmanship and construction, if so; then you are hereby instructed, that if you so find, your verdict must be for plaintiffs and against the defendants herein."

██ Defendants first complaint is that the instruction authorized a recovery against defendants for alleged failure of defendant Ralph Hendrix to perform acts promised to be done in the future, such as plastering, sanding, etc., which they assert did not amount to actionable fraud. There can be no doubt that the general rule is as stated by defendants that fraud cannot be predicated upon a mere promise, even though accompanied by a present intention not to perform, because the promise is not the misrepresentation of an existing fact. Reed v. Cooke, 331 Mo. 507, 55 S.W.2d 275, 278. However, there is a well recognized exception to the above rule in "that false representations and promises as to what will result in the future, when made by one

having or professing to have superior knowledge based on past experience of himself or others, are in effect, false representations of existing conditions and support allegations of fraud." Wendell v. Ozark Orchard Co., Mo.App., 200 S.W. 747, 749; State ex rel. St. Louis-San Francisco R. Co. v. Daues, 316 Mo. 474, 482, 290 S.W. 425; Doll v. Purple Shoppe, 230 Mo.App. 256, 90 S.W.2d 181, 185; 26 C.J. 1090; 37 C.J.S. Fraud § 11, p. 235. The case of State ex rel. St. Louis-San Francisco R. Co. v. Daues [316 Mo. 482, 290 S. W. 428] after citing with approval the Wendell case, supra, says: "A statement may be promissory, or prospective, or an opinion in form, and yet state a fact.

■ Defendant Ralph Hendrix testified that he had been a builder for 22 years, and that he had built from 75 to 80 houses in and around St. Joseph. Plaintiff Mary Nichols testified that there were a few minor things to be done to the house before the sale was consummated and that "Mr. Hendrix told us that those things would be done. * * * We took him from the First Federal (the loan company) out to the house and I went on the inside with him to show him the things that he said he would do and he made the statement that he had to do that because the First Federal would not pay him until that house was completed." In view of Mr. Hendrix superior knowledge based upon his long experience as a builder, his statement that he had to fully complete the house otherwise "the First Federal would not pay him" amounted to the statement of a fact under the authorities above cited.

Defendants next say that the instruction authorized a recovery if defendant Ralph Hendrix represented that the gas bills for heating the house would not exceed $12 per month, which they assert "is a mere matter of opinion, promise or expectation, and not actionable fraud." Mrs. Nichols testified as follows: "I asked him about the furnace. I had never seen a furnace with the heat up in the ceiling and the house seemed big

and I asked him if the furnace would heat the house and he said that the furnace was guaranteed to heat the house and I asked him how much the gas bill would run and he said there was no way on earth that it could run over $12 a month in the coldest weather." Under the rule announced in the cases cited in the preceding paragraphs this representation also amounted to the statement of a fact and not, as defendants contend, a mere matter of opinion or expectation.

Under this point defendants chiefly rely upon the case of Burlison v. Weis, Mo. App., 152 S.W.2d 201, 203, where the court held that the representation of an agent that the heating bill on a plant delivered to plaintiff would not run over $75 or $80 per year was not actionable fraud. It will be noted, however, that the court in that opinion also said: "To amount to actionable false and fraudulent representations, such representations must have been as to an existing fact or *known by the one making the representations, from his superior knowledge, to have been untrue at the time such representations were made. Of the latter, there was no evidence at all.*" That is the difference between that case and the case at bar.

In sub-paragraph (c) of their Point I defendants complain of the use of the words "any artifice" in the instruction. This language appearing in an instruction involving fraud had the specific approval of our Supreme Court in the case of McFarland v. Carver, 34 Mo. 195, 196, 200.

Next, in sub-paragraph (d) of Point I defendants say that the instruction assumes that false representations were made by defendant Ralph Hendrix. The contention lacks merit. A reading of the instruction will disclose that each situation hypothesized is followed by the words "if so", or "if you so find", or similar language.

■ Finally defendants complain of the use of the phrase "and the like" appearing in the required finding that defendant Ralph·

Hendrix stated that "he would properly finish off the rooms and house on the final details by proper taping, plastering, sanding of nail heads and the like to plaintiffs' satisfaction after consummation." Defendants assert that the use of that phrase "gave the jury a roving commission to surmise and conjecture." Such is not the case. The jury in its deliberations could only stay within the evidence. And the words "and the like" could only refer to matters which, while not specifically enumerated in the instruction, were shown by the evidence; such as his statement that he would put down quarter-round and place "chrome strips around the kitchen wall." The gist of defendants representation was that "he would properly finish off the rooms and house." The most that can be said of defendants' contention is that the criticized phrase required the jury to find more than was necessary for them to find in order to find for plaintiffs on this issue. Thus defendants have no cause for complaint. Seawell v. Kansas City, Ft. S. & M. R. Co., 119 Mo. 222, 24 S.W. 1002; Martin v. John Clay & Co., Mo.App., 167 S.W.2d 407.

Finding no error in the instruction prejudicial to the defendants, the judgment is affirmed. All concur.