**Lee KING, Plaintiff-Respondent,**

**v.**

**Mack MORRIS, Defendant-Appellant.**

**No. 7661.**

Springfield Court of Appeals.

Missouri.

June 16, 1958.

Don G. Busch, Springfield, for appellant.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for respondent.

McDOWELL, Judge.

This appeal is from a judgment rendered in the Circuit Court of Greene County, Missouri, in favor of plaintiff for $250 in an action for fraud in the sale of a dairy cow.

Error is assigned that the petition fails to state a cause of action.

The essential elements necessary to be pleaded to constitute fraud are, "That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with the intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely upon it and was induced thereby to act to his injury and damage". Latta v. Robinson Erection Co., Mo.Sup., 248 S.W.2d 569, 576(2);

23 Am.Jur. 773, Fraud and Deceit, § 20; Dolan v. Rabenberg, 360 Mo. 858, 231 S.W. 2d 150, 154; Powers v. Shore, Mo.Sup., 248 S.W.2d 1; Lowther v. Hays, Mo.Sup., 225 S.W.2d 708, 713; Kearns v. Sparks, Mo.App., 260 S.W.2d 353, 358(4); Salmon v. Brookshire, Mo.App., 301 S.W.2d 48, 54(5).

■ A failure to allege and prove any one of these essential elements is fatal to recovery in an action based on fraud. Salmon v. Brookshire, supra; Latta v. Robinson Erection Co., supra; Kearns v. Sparks, supra.

In the instant case the petition alleges, inter alia, that on February 17, 1956, plaintiff-respondent purchased a Guernsey cow from defendant-appellant, for $160; that at the time of purchase defendant knew that the cow was being purchased to add to plaintiff's dairy; that knowing such facts defendant represented the cow to be in good health and ideal for the purpose of plaintiff; that in the contract of purchase it was agreed and understood the cow would have to be approved by a veterinarian and defendant agreed to have the cow tested.

On the morning of the 18th, defendant had the cow delivered to plaintiff's farm and at the time stated and represented that the cow had been tested by a state veterinarian and furnished written certification showing the cow free from Brucellosis or Bangs disease. It states that defendant knew at the time he delivered the cow she had not been tested for Bangs disease and knew or should have known that she was a reactor; that defendant fraudulently substituted a veterinarian's certificate showing the cow to be free of Bangs disease and fraudulently placed a tag in the ear of said cow which represented she had been tested and was free of the disease.

It pleaded that prior to acquiring the cow from defendant plaintiff's herd was free of Bangs disease; that by reason of the selling to plaintiff of this cow, one other cow became infected and the premises became infected; that by reason of the fraudulent representations plaintiff was damaged in the sum of $500.

■ Under this alleged error defendant states in his brief that "The most glaring omission is the absence of any allegation to the effect that respondent relied on any of the representations set out as having been made. * * *"

We find from examination of the petition that this attack on the petition must be sustained. Plaintiff failed to plead one of the essential elements necessary to state a cause of action in fraud, that is—that he did in fact rely on the representations and was induced thereby to act to his injury and damage.

■ The allegations in the petition are broad and might well be construed as an effort on the part of the pleader to join two theories of recovery in one count, which is bad pleading. All the necessary elements of implied warranty are stated in the pleading. Our courts have held "with respect to defects not discoverable upon ordinary inspection, but which are known to the vendor, an agreement to warrant will be implied from representations of soundness, and where the vendor knows the use the vendee intends to make of the property the sale for such use at a sound price carries an implied warranty that the property is free from hidden defects which would impair its usefulness for such purposes". Boston v. Alexander, 185 Mo.App. 16, 171 S.W. 582, 584. The theory of warranty was not only commingled with an action for fraud but this theory was also partially presented in plaintiff's main instruction No. 1.

We do not agree with defendant's contention that plaintiff did not plead facts showing he had the right to rely on the representations. Brucellosis, or Bangs disease, cannot be ascertained or discovered by looking at the cow. It requires a blood test to determine if the cow is infected.

There may be other tests, but, viewing the cow will not reveal the disease. The existing facts or conditions represented are so blended and inseparably linked with the promise to have the cow tested, as to afford the basis of fraud. Reed v. Cooke, 331 Mo. 507, 55 S.W.2d 275, 278(2, 4).

It is unnecessary to pass on the other alleged errors. This cause is reversed and new trial ordered, plaintiff should be permitted to amend his petition to definitely state the theory of his case.

Reversed and remanded for new trial.

STONE, P. J., and RUARK, J., concur.