Alan R. BRENNAMAN and Barbara L.
Brennaman, Appellants,

v.

ANDES & ROBERTS BROTHERS CON-
STRUCTION COMPANY, a corporation,
and Farm & Home Savings Association, a
corporation, Respondents.

No. KCD 26129.

Missouri Court of Appeals,
Kansas City District.

Dec. 3, 1973.

Motion for Rehearing and/or Transfer
Denied Feb. 1, 1974.

Application to Transfer Denied April 8, 1974.

Wayne R. Starr, Jr., Independence, for appellant.

Alan B. Slayton, Independence, for Andes & Roberts Bros. Const. Co.

James E. Woodfill, Ewing, Ewing, Carter, Wight & Woodfill, Nevada, for Farm & Home Savings Assn.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and DONALD B. CLARK, Special Judge.

DONALD B. CLARK, Special Judge.

This appeal presents for review the judgment of the Circuit Court of Jackson County dismissing plaintiffs' fourth amended petition for failure to state a cause of action. Suit was originally commenced January 20, 1971 and during the interval thereafter, to November 23, 1971, three successive amended petitions were filed, each of which was challenged by the defendants on the same general grounds. The judgment of dismissal will be viewed in accordance with procedures applicable to summary judgment. The propriety of the dismissal depends on whether the petition invokes substantial principles of law which entitle plaintiffs to relief. Pollard v. Swenson, 411 S.W.2d 837, 840 (Mo.App. 1967). The sufficiency of the petition will be weighed by assuming all factual allegations as true and plaintiffs will be given the benefit of every favorable and reasonable intendment the facts alleged will allow. Commonwealth Insurance Agency, Inc. v. Arnold, 389 S.W.2d 803, 806 (Mo. 1965).

Respondent Andes and Roberts Brothers Construction Company, (hereafter Andes and Roberts), is engaged in the business of developing residential subdivisions in Jackson County and prior to the time in question had constructed several hundred homes in the course of such business. Respondent Farm and Home Savings Association (hereafter Farm and Home), as a savings and loan institution in connection with its business provides mortgage loan financing for individual residence purchases.

On or about July 12, 1969, appellants visited a residential community in Independence then under development by Andes and Roberts and were shown model homes from which purchasers could select style, floor plan, and other features and arrange for the construction and purchase of a residence on a lot within the subdivision.

Appellants reached agreement with Andes and Roberts for the construction of a home described as "Queen (KC 67–1) Plan —Design No. 7" to be located on Lot No. 1353, Far View Heights. A real estate contract was prepared by Andes and Roberts on a printed form and was signed by

appellants on July 12, 1969. The contract purchase price of $20,650.00 was to be paid by the purchasers with a down payment of $650.00 consisting of $400.00 work equity credit, $250.00 cash due ten days prior to taking possession, and the balance of $20,000.00 was represented by an FHA insured loan available under Section 235 of the National Housing Act. In accordance with a general program in the development of the subdivision, advance arrangements had been made by Andes and Roberts with Farm and Home to provide the mortgage loan financing on such sales transactions. Appellants qualified for the loan from Farm and Home by completing certain forms presented to them by Andes and Roberts with the sales agreement.

Among the terms of the real estate sale contract, Andes and Roberts agreed that the home would be built "to FHA plans and specifications". No closing date was specified in the contract nor was there any agreed date for completion of the improvements. Appellants' petition includes no allegations as to consummation of the sale, but the claim that appellants were subsequently ejected from the property following a mortgage foreclosure leads to the conclusion that appellants did, at some point, assume possession of the property. Andes and Roberts executed on November 13, 1969 a standard form FHA Warranty of Completion which was delivered to appellants on the same day and which presumably coincided with delivery of possession.

Appellants refused to make any payments to Farm and Home on the mortgage loan or to complete the down payment required at closing and unsuccessfully attempted to block disbursement of the mortgage loan proceeds by Farm and Home. The date on which appellants first made objection to the quality of construction is uncertain but on May 6, 1970, they directed a letter to the Federal Housing Administration in Washington, D. C. noting various deficiencies in construction details of their home compared to FHA specifica-

tions as interpreted by appellants. Allegations of inferior materials and design included complaints as to dimension and spacing of floor joists and studs, attachment of gutters, proportionate material content of cement foundation, driveway, floors and walkways, cross bridging and sheet rock installation.

As actual damages, appellants ask recovery in their petition for sums representing subsequent increased cost in new homes attributable to an inflationary trend, the subsidy payment under Section 235 of the National Housing Act for the unexpired loan term as of the date of foreclosure and the work equity contribution of $400.00 under the contract. Exemplary damages are prayed for slander of credit, harassment and embarrassment. Liability of both respondents is contended to result from a conspiracy in which Andes and Roberts participated as the contractor and Farm and Home as the source of financing under a scheme to defraud appellants.

The issue resolved in the lower court against appellants and now presented on this appeal is the availability of relief to a claimant in an action for fraud where the material fact misrepresented is the contemporaneous intention of the promissor concerning performance of the agreement made. Although appellants' fourth amended petition is less than a model of concise factual allegations, the substance of the claim against Andes and Roberts is that the contract to sell appellants a home was procured by the false representation that the home would be constructed according to certain specifications when, in fact, Andes and Roberts then had a current intention to substitute inferior construction practices and materials.

A review of prior decisions indicates that the question presented has not been resolved uniformly under all fact situations. The early case of Reed v. Cooke, 331 Mo. 507, 55 S.W.2d 275 (banc 1932) held that fraud can not be predicated on a mere promise even though accompanied by

a present intention not to perform on the ground that even under such circumstances, the promise is not a misrepresentation of an existing fact. To like effect were the subsequent holdings in Yerington v. Riss, 374 S.W.2d 52 (Mo.1964) and Godwin v. Dinkler St. Louis Management Corporation, 419 S.W.2d 70 (Mo.1967).

Adopting an apparently contrary view, however, was the opinion in Thieman v. Thieman, 218 S.W.2d 580 (Mo.1949) which held that a state of mind, an existing purpose, may be misrepresented and thus constitute a misrepresentation of fact. Later cases permitting recovery for fraud where the intention to perform was the material fact misrepresented were Musser v. General Realty Co., 313 S.W.2d 5 (Mo.1958); Wallach v. Joseph, 420 S.W.2d 289 (Mo. 1967), and March v. Gerstenschlager, 436 S.W.2d 6 (Mo.1969). These cases approving recovery relied on prior authority supporting that view and made no mention of Reed v. Cooke, supra, and cases following the rule there expressed.

The distinguishing features which harmonize these apparently divergent lines of authority are to be found in the facts of each case. In the decisions cited, appeal followed trial on the merits and therefore a factual record was available with which to measure the claimant's petition allegation. On the one hand, recovery was denied where the evidence showed the alleged misrepresentation of intention to have been a mere promise or matter of opinion subsequently unfulfilled for which the proper remedy is a suit on the promise.

Those cases in which recovery for fraud is permitted require an entirely different evidentiary basis. The essence of the fraud being a misrepresentation of an existing fact, the burden of proof requires the claimant to establish by the evidence a current intention by the promissor at the time the agreement is made not to perform. Failure of performance is insufficient to establish this intent or to shift the burden of proof.

The availability of relief in fraud for misrepresentation of intention to perform an agreement therefore is measured not by abstract legal principles but by the nature and probative value of the evidence required to demonstrate the intention of the promissor not to perform at the time the assurance is given. Dillard v. Earnhart, 457 S.W.2d 666, 670 (Mo.1970); Sec. 530, Restatement of Torts, p. 70, Comment c.

The present case in which the issue is joined on petition allegations does not afford an opportunity to evaluate the factual basis for appellants' claim in terms of evidentiary proof. On the authorities previously cited, we must accord to appellants the benefit of factual petition allegations which assert a concurrent intention of Andes and Roberts not to perform their agreement. If any doubt existed as to recognition in Missouri of actionable fraud based on misrepresentation of intention to perform, such was eliminated by the implicit holding in Dillard v. Earnhart, supra. In fact, such is the majority view supported by decisions in other states. 37 C.J.S. Fraud § 12, p. 237.

Additional comment is necessary by reason of appellants' mistaken reliance on Nichols v. Hendrix, 312 S.W.2d 163 (Mo. App.1958) as authority for the maintenance of their cause of action. An additional category of fraud actions represented by the Nichols case includes matters of performance, capability and capacity of products and commodities which subsequently fail in use or are found deficient with the passage of time. Where one possessing superior knowledge or experience misrepresents such performance, capability or capacity and such representation is later demonstrated by use of the article to have been false, an action in fraud is thereby established, other requisite factors in traditional fraud cases being also present.

While the necessity for demonstrating the falsity of the representation by future events is common to both types of action, the distinctions in theory and proof

are significant. Misrepresentation of intent to perform requires the measure of the promissor's purpose at the time the agreement is made as against his own subsequent performance. Both the promise and the performance are in such cases at all times within the control of the promissor. Fraudulent misrepresentation of product capability compares the promissor's statements with the consequences, performance or results later derived from the acquisition, use or application of an article then in existence. In the subject case, appellants do not complain that the model home exhibited was misrepresented as to quality of materials, construction, durability or capacity, but rather that the home later constructed was not, as represented, of like materials and construction as the model. Nichols v. Hendrix, supra, and similar authorities have no application to appellants' cause of action as stated.

Respondent Farm and Home has also urged that the dismissal by the trial court of appellants' petition should be affirmed for the additional reasons that a conspiracy is not sufficiently pleaded as to Farm and Home and that the petition fails to allege actual damage. Having determined that the misrepresentation by Andes and Roberts of intention to perform the agreement for construction of appellants' home will, if proven, constitute actionable fraud, the involvement of Farm and Home in a conspiracy depends upon allegations that the acts giving rise to the cause of action were accomplished in accordance with an agreement, understanding or by common purpose and design. Gruenewaelder v. Wintermann, 360 S.W.2d 678 (Mo.1962).

Looking again only to the petition allegations as the measure of sufficiency, the complaint states in substance that both respondents agreed to induce appellants to purchase the residence structure and to thereby defraud appellants. The contribution of Farm and Home in furtherance of the conspiracy is stated to be the financing of the purchase with an additional agreement to distribute the loan proceeds before appellants realized that the home was not as represented. Once the conspiracy comes into existence, the acts of one conspirator are the acts of all. Kennish v. Safford, 193 Mo.App. 362, 184 S.W. 923 (1916). Misrepresentation by Andes and Roberts of intent in performance of construction was therefore also the act of Farm and Home and upon the petition allegations, a cause of action against both respondents is stated. A similar result must follow as to statement of actual damages which, as set forth in the petition, include FHA subsidy loan payments forfeited, the value of improvements made to the property by appellants and the lost inflationary increment in real estate values.

Additional contentions of respondent Farm and Home for dismissal of the appeal on jurisdictional grounds have previously been considered and ruled adversely to respondent.

Accordingly, we reverse the judgment and remand the cause with directions to the trial court to reinstate plaintiffs' fourth amended petition for trial on the merits.

All concur.