**Margie A. BAUER et al., Plaintiffs-Respondents,**

v.

**Bobby D. ADAMS, Defendant-Appellant.**

**No. KCD 28117.**

Missouri Court of Appeals, Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer Denied May 2, 1977.

Application to Transfer Denied June 14, 1977.

C. B. Fitzgerald, Warrensburg, for defendant-appellant.

J. Kirk Rahm, Hensley, Rahm & Rahm, Warrensburg, for plaintiffs-respondents.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PER CURIAM:

Plaintiffs sued their former employer for fraud. Defendant appeals from a jury verdict for plaintiffs. The jury awarded Margie A. Bauer $257.50 actual damages and $200.00 punitive damages, Marvin G. Warner $360.00 actual damages and $200.00 punitive damages, and Ward Douglas $600.00 actual damages and $200.00 punitive damages. Defendant's sole contention is that the trial court erred in overruling his motion for a directed verdict at the close of all of the evidence. Defendant claims that there was no evidence of a present intent not to perform a future promise.

■ The issue to be decided is the sufficiency of the evidence to support a submission of fraud. Thus, we must consider the evidence in a light most favorable to plaintiffs, giving plaintiffs the benefit of all reasonable inferences therefrom and disregarding evidence of defendant which is unfavorable to plaintiffs. *Lazier v. Pulitzer Publishing Company,* 467 S.W.2d 900 (Mo. 1971), *cert. denied* 404 U.S. 940, 92 S.Ct. 273, 30 L.Ed.2d 253 (1971); *Palermo v. Cottom,* 525 S.W.2d 758 (Mo.App.1975); *Yeager v. Wittels,* 517 S.W.2d 457 (Mo.App.1974).

Defendant was the majority shareholder and president of Bob Adams Motor, Inc., a corporation. Plaintiffs are former employees of that corporation. In January, 1974, defendant's corporation was experiencing financial difficulty in common with other automobile dealers as a result of the "energy crisis." At this time, defendant requested and plaintiffs agreed to a 20% reduction in salary. The parties disagree as to the terms of the agreement for reduced salaries. This "agreement" is the basis for the plaintiffs' claim of fraud.

Plaintiffs testified that defendant asked them to take a 20% reduction in salary to be paid back when business improved, *but no later than the end of the year.* Plaintiff Marvin G. Warner testified that he would not have continued to work for defendant unless repayment had been guaranteed. Kenneth Hutcherson, a former auto mechanic for defendant, was also asked to take a cut in pay. He testified that defendant told the employees that he would pay them back in the future *if possible.*

Plaintiffs introduced part of a deposition of defendant as an admission against interest. In this deposition, the plaintiffs' counsel inquired of the defendant as to his intent at the time of his first conversation with plaintiffs. Defendant in this fragment of his deposition testified that he did not intend to pay them, and added, "They didn't intend to get it."

Counsel for plaintiffs called defendant as an adverse witness at the trial. Defendant testified that he asked plaintiffs to take a 20% cut in salary, to which they all agreed, and that then, or at a later time (defendant was unsure), he told plaintiffs that they would be reimbursed *if business improved.* Defendant denied having guaranteed repayment by denying any unconditional agreement to repay. The following colloquy between counsel for plaintiffs and the defendant then appears:

Q "It was not your intention when you talked to them about this reduction they would be paid the money back at least by the end of the year?"

A "Yes, it was my attention if I made the money back."

Q "If you made the money back?"

A "Right."

Q "In other words, *you are saying it was not your intention to guarantee they would get it?"*

A "No, I did not guarantee I would make the money back." (Emphasis supplied).

Defendant sold the dealership in April, 1974. He testified that he had no intention to sell in January when he reduced plaintiffs' wages. Plaintiffs' salaries were later returned to their original level, but the 20% withheld has never been reimbursed.

■ The essential elements of fraud are (1) a representation was made of a material fact which was false and known to be false, or was recklessly made, (2) the

statement was made with the intent to deceive for the purpose of inducing the hearer to act upon it, (3) the hearer reasonably relied upon it (4) to his injury and damage. *Latta v. Robinson Erection Co.,* 363 Mo. 47, 248 S.W.2d 569 (Banc 1952); *King v. Morris,* 315 S.W.2d 497 (Mo.App. 1958); *Yeager v. Wittels, supra.* Defendant alleges plaintiffs failed to prove the elements of a statement of fact, intent and reliance. A failure to prove any one of these elements is fatal to plaintiffs' right of recovery. *Latta, King, Yeager, supra.*

Plaintiffs' theory of recovery is based upon the rule followed in *Dillard v. Earnhart,* 457 S.W.2d 666 (Mo.1970), and *Brennaman v. Andes & Roberts Brothers Construction Co.,* 506 S.W.2d 462, 465 (Mo. App.1973), that misrepresentation of an intent to perform is misrepresentation of an existing fact if there is a "current intention by the promissor at the time the agreement is made not to perform." Such a misrepresentation of intention is to be distinguished from a mere promise or expression of opinion, both of which are not actionable. *Brennaman, supra.*

The issue thus narrows to the single question of whether the evidence is sufficient to support a jury finding of the defendant's present intent not to perform the claimed guarantee of the repayment by the end of the year.

Standing alone, the deposition testimony is ambiguous. It would support either the inference of defendant's promise being conditional or the inference that defendant had a present intent not to perform the promise of guaranteed payment which the plaintiffs claim he made. On the basis of this, the jury verdict would be sufficient for the plaintiffs would be entitled to the more favorable inference.

The difficulty, however, arises with respect to the trial testimony of the defendant offered by the plaintiffs which is clearly and unequivocally contrary to the inference favorable to the verdict.

Defendant argues plaintiffs are bound by defendant's direct evidence as a witness. A party is not bound by the testimony of one of his witnesses if that testimony is contradicted by that party's other evidence. *Young v. Kansas City Southern Railway Co.,* 374 S.W.2d 150, 153 (Mo.1964). Plaintiffs are only "bound" by defendant's testimony as an adverse witness if that testimony is the *only* evidence on an element of their case and is adverse to plaintiffs' theory of recovery. This is because such evidence, or lack of evidence, results in the failure of proof of an essential fact. "It is not his adversary's testimony by which he is 'bound'; it is his own lack of contrary proof." In the *Matter of Brown,* 527 S.W.2d 395, 398 (Mo.App.1975).

Plaintiffs could prove the element of an intention to deceive by direct evidence or by circumstantial evidence from which intent could be inferred. *Klecker v. Sutton,* 523 S.W.2d 558 (Mo.App.1975). However, a failure of performance alone does not establish intent or shift the burden of proof. *Brennaman, Klecker, supra.* More importantly however, a party may not make a submissible case by relying upon an inference which is contrary to that party's only direct evidence on the matter to be proved. *Brophy v. Clisaris,* 368 S.W.2d 553 (Mo.App. 1963); *Pruiett v. Wilform,* 477 S.W.2d 76, 79 (Mo.1972). *Pruiett* decided a wrongful death action brought by a widow for the intentional shooting of her husband. The plaintiff called the defendant as an adverse witness, who testified that the shooting was accidental. No witness testified otherwise. The court held that the plaintiff failed to make a submissible case because, "Any inference from circumstances in the present case that the shooting was intentional would be based upon speculation and conjecture, since it would be contrary to the only direct evidence." The same result is necessitated herein.

Plaintiffs seek to establish the requisite element of intent by contrasting their version of the agreement (that defendant *guaranteed* reimbursement by the end of the year) with defendant's deposition testi-

mony that he did not intend to pay the plaintiffs. However, plaintiffs' direct evidence of intent was the testimony of defendant that he never intended to guarantee repayment and did not do so. This is the only direct evidence of intent and is contrary to the necessary finding of a present intent not to perform. Plaintiffs, therefore, having failed to establish an essential element of their cause of action, or perhaps more properly stated, have negated any inference of an intent not to perform arising from the deposition testimony offered, did not make a submissible case of fraud.

The judgments are reversed.