Kenneth L. GALLATIN, Jr., et ux., Appellants,

v.

W.E.B. RESTAURANTS CORPORATION, Respondent.

No. WD 40419.

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

As Modified Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

Robert J. Hiler, Kansas City, for appellants.

James Lloyd Baker, Kansas City, for respondent.

Before FENNER, P.J., and GAITAN and MANFORD, JJ.

FENNER, Presiding Judge.

This is an appeal from an order of the trial court dismissing the First Amended Petition of plaintiffs-appellants, Kenneth L. Gallatin, Jr., and his wife, Norma Jo Gallatin against defendant-respondent, W.E.B. Restaurants Corporation. The First Amended Petition which was dismissed by the trial court was actually the fifth filed petition by plaintiffs-appellants and the sec-

ond lawsuit based upon the same subject alleged occurrence. Plaintiffs-appellants allege in their petition that on July 23, 1986, Kenneth Gallatin, Jr., while at the respondent's place of business, was attacked by a person unknown to him but believed by him to be a bouncer at an establishment owned by respondent, known as Hot Rocks Tavern II.

Appellants argue that the trial court erred in finding their First Amended Petition failed to state a claim upon which relief could be granted. In this regard the trial court noted that the appellants had been given numerous opportunities to amend their pleadings and failed to allege all elements necessary to impose vicarious liability on respondent for the acts of an employee and further that the appellants alleged inconsistent theories in a single count.

■ A pleading that contains inconsistent theories within the same count is subject to dismissal. Rule 55.11; *King v. Morris*, 315 S.W.2d 497, 498 (Mo.App.1958); Compare *Eoff v. Senter*, 317 S.W.2d 666, 670 (Mo.App.1958). Rule 55.27(a)(11) provides that a motion for judgment on the pleadings is appropriate when several claims have been improperly united.

In *Eoff*, plaintiff in one count pleaded claims based upon negligence and reckless and wanton acts which were held to be inconsistent. However, defendant filed an answer rather than a motion to dismiss or motion to elect and by so doing waived the irregularity of the pleading. Unlike the defendant in *Eoff*, the defendant-respondent in the case at bar filed an appropriate motion to dismiss raising the issue of inconsistent theories.

■ It is an axiom that theories based upon alleged "negligent" and "intentional" conduct are contradictory and mutually exclusive. *Martin v. Yeoham*, 419 S.W.2d 937 (Mo.App.1967).

■ Count I, paragraph 6 c. of plaintiffs-appellants' petition herein states: "That the careless and negligent actions of the Defendant's employee, stated above, was (sic) wilful, wanton and intentional, and were caused for no apparent reason on this Plaintiff." Count I, paragraph 10 of the same petition states: "Plaintiff further states that the carelessness, negligence and intentional acts, of the Defendant Corporation, through their agent, servant and employees, caused severe injuries to Plaintiff, as set out above and that these injuries are permanent and progressive in nature."

The trial court did not err in finding that the plaintiffs-appellants alleged inconsistent theories in a single count. The dismissal of plaintiffs-appellants' petition being proper on this ground it would be superfluous for this court to determine whether or not the petition alleged all elements necessary to impose vicarious liability upon the defendant-respondent for the acts of an employee.

The judgment of the trial court dismissing plaintiffs-appellants' petition is affirmed.

All concur.