### Hobson v. Turner.

Feb. 6, 1945.

J. L. Harrington for appellant.

Combs & Combs for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

W. J. Turner owned and operated several trucks which were used in hauling timber to mines in the vicinity of Drift, Kentucky. He employed drivers for the trucks and helpers for the drivers. He had an arrangement with his son-in-law, William Arrowood, who operated a garage, for the latter to repair all flat tires on the trucks. Sometime prior to August, 1942, Turner employed the appellant, Leonard Hobson, as a helper on a truck driven by Ted Hall.

In August, 1942, while Hall and Hobson were using the truck, one of the tires was punctured by a nail and they took it to Arrowood's garage to have it repaired. It appears that Arrowood himself was absent at the time, but the garage was in charge of an employee who patched the inner tube but declined to reassemble the casing and tube and replace them on the truck. It is not shown who inserted the tube in the casing and mounted them on the rim, but, apparently, Hall inflated the tire with the air compressor and then went across the street to a restaurant. In the meantime a boy by the name of Stidham volunteered to help Hobson with the tire. While Hobson and Stidham were trying to get the rim on the wheel and were striking the tire with a hammer or prying on it with a hammer handle, it blew out and injured Hobson's eye to such an extent that it had to be removed.

Turner testified he employed Hobson solely for the purpose of assisting the drivers in loading, hauling and unloading timbers; that he had no other duties of any kind and was not employed for any other purpose; that he had not supplied the trucks with tools and equipment necessary to fix flats because this type of service required someone skilled in the art of tire repairing and all work of this nature was independently contracted for by Arrowood; and that it was not the duty of, nor was it ever intended that, helpers or the drivers repair tires.

Hobson testified he was employed by Turner and directed to help the drivers; that he was told to work with the truck drivers and help them and that they would

show him what to do; that fixing flats was a part of his job; and that he, together with the driver, would fix flats any time they occurred in the country while they were hauling the timbers.

Upon these facts the trial court directed the jury to return a verdict for the defendant.

Other questions are presented on this appeal, but we are confronted at the outset with the burden imposed upon Hobson to prove his employer's negligent act or some failure of his duty to exercise ordinary care for the protection of his employees. Assuming that Hobson was employed for the purpose of repairing the tire and this unfortunate injury occurred as it did, the only grounds upon which he could recover are that there was some defect in the tire or tube which was known, or by the exercise of ordinary care could have been determined, by Turner or Hall, and, further, that this defect was the proximate cause of the injury. 35 Am. Jur., Master and Servant, sec. 493.

There is testimony showing that the tire was worn and the tube had been patched several times; but these conditions exist to some extent on practically every tire and tube that is being remounted after a repair, and evidence of such a condition is not sufficient to justify the conclusion that they were defective. It is not shown that the injury was caused by the manner in which the tube was inserted in the tire; the way the tire was mounted on the rim; overinflation; or by the methods Hobson and Stidham were using in trying to put the tire on the truck.

Before an employee who has suffered an injury during the course of his employment can recover damages it must be shown that the injury was caused in some direct manner in which the employer is liable. It can not be left to conjecture whether it was caused by negligence of one or the other, or was an unaccountable accident. Hurt v. Louisville & N. R. Co., 116 Ky. 545, 76 S. W. 502. The difficulty with the appellant's position in this case is that he did not show what caused the accident. The position of the appellee is that the direct cause of the injury was the primary negligence of Hobson in placing himself in such a position that he would likely be injured should an accident occur while he and Stidham were prying, pushing and hammering the inflated tire. The employee must allege and prove

that the negligence of his employer was the proximate cause of his injury. Ward v. Marshall, 293 Ky. 18, 168 S. W. 2d 348.

The appellant is also insisting that the facts in this case bring it within the doctrine of res ipsa loquitur, since the instrument which caused the injury was under the control of the defendant and the accident was such that, in the ordinary course of events, it would not have happened except for the appellee's failure to exercise ordinary care in replacing the worn tire and patched tube. However, the court and jury are not privileged to indulge in conjecture. It would be necessary to show the accident was the result of these defective conditions. Louisville & N. R. Company v. Campbell's Adm'r, 186 Ky. 628, 217 S. W. 687. We can not surmise that the tire and tube were defective and then deduct from that surmise that the appellee failed to exercise ordinary care. There would be more basis to surmise that the explosion was caused by Hobson's acts, or that his acts put in motion the cause which eventually brought about the explosion. The doctrine of res ipsa loquitur would apply in this case only if it were shown that the instrumentality causing the injury was under the control and management of Turner and that the accident was such that it would not have occurred but for his negligence. Droppelman v. Willingham, 293 Ky. 614, 169 S. W. 2d 811. Hobson did not show that he was injured under conditions such as would bring his case within the doctrine. At most, the instrument was under the joint control of Turner and Hobson, and it is a matter of common knowledge that a tire may blow out at any time without negligence on the part of anyone.

Judgment affirmed.