**Jeanne M. GODWIN, Appellant,**

v.

**DINKLER ST. LOUIS MANAGEMENT CORPORATION, Respondent.**

No. 52496.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 9, 1967.

Israel Treiman, Gary S. Heifetz, Shifrin, Treiman, Schermer & Susman, St. Louis, for plaintiff-appellant, Jeanne M. Godwin.

Jerome Kalishman, Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for defendant-respondent, Dinkler St. Louis Management Corp.

BARRETT, Commissioner.

Plaintiff, Jeanne M. Godwin, in this action in two counts against Dinkler St. Louis Management Corporation sought to recover $34,267.75 damages for breach of an alleged employment contract and $50,-000.00 actual and $50,000.00 punitive dam-

ages for alleged false representations with respect to her employment. The first count alleged in substance that when the defendant purchased the Diplomat Motel in which she was employed at a salary of $600.00 a month, "the Defendant offered to employ, and the Plaintiff agreed to be employed, as Manager of said Motel * * * for the same salary she had been receiving from Diplomat, Inc. Plaintiff and Defendant both knew, understood, and intended that the term of said employment was to be for a substantial period of time, to wit, *not less than five (5) years."* (Emphasis supplied.) The second count alleged that in the course of negotiations leading up to the purchase of the motel "Defendant repeatedly stated and represented that it contemplated making no changes in the management staff of said Motel after it acquired it, and *that it would retain Plaintiff as Manager* of the Motel for a long and indefinite period of time. Alleging her reliance on the representations, she charged that *"Defendant well knew that it had no intention of employing Plaintiff except for the aforesaid short period of time* (transition period), but Defendant nevertheless did fraudulently and with wilful disregard of the consequences to Plaintiff, induce and entice Plaintiff to remain as Manager of said Motel by representing and pretending to keep her in said position for a long and indefinite period of time." Upon the pleadings, plaintiff's petition and defendant's answer, answer to interrogatories, and plaintiff's deposition the defendant moved for summary judgment upon the ground that upon the record thus made there was no genuine issue as to any material fact and that as a matter of law the alleged causes of action were barred by the statute of frauds. The trial court was of the opinion that plaintiff's entire cause was based upon the defendant's oral promise to continue her employment for some indefinite time into the future and that when made defendant had no intention of keeping the promise. The court was of the further opinion that upon this theory the plaintiff had no cause of action under existing Missouri law and accordingly entered summary judgment against the plaintiff and she has appealed.

In her brief here these are appellant's three points relied on: (1) "The rule applied by the trial court is contrary to the overwhelming weight of authority." (2) "The rule applied by the trial court is illogical and would operate to encourage rather than prevent fraud." (3) "The rule applied by the trial court has been unnecessarily invoked in Missouri cases that seem to follow it." These points or assignments of error are in no way related to the facts of the cause or to the court's ruling other than in a most abstruse manner and of course are made without regard to the rules of this court, particularly Civil Rule 83.05, V.A.M.R. They constitute a more flagrant violation of the rules than the brief in Yates v. White River Valley Electric Co-operative, Mo.App., 414 S.W.2d 808, but there is no motion to dismiss the appeal and it is possible, perhaps, to understand the underlying issue and accordingly dispose of the appeal. The respondent's brief likewise has no factual relationship, its abstract point one in response is this: "The undisputed law of this state is that fraud cannot be predicated on a mere promise even though accompanied by a present intention not to perform it. This rule of law has worked well and justly, and should not be disturbed." Its second point is that "The case at bar should not be used as the basis for a re-examination of the existing law because it would also require a re-examination of the law concerning the Statute of Frauds and because plaintiff would not have a good cause of action even if the law were overturned." In fairness to counsel it should be said that they have written scholarly briefs abstractly supporting on the one hand and abstractly attacking on the other hand what is conceded to be the rule in Missouri " 'that fraud cannot be predicated upon a mere promise even though accompanied by a present intention not to perform it on the ground that even under such circumstances

the promise is not a misrepresentation of an existing fact.'" Reed v. Cooke, 331 Mo. 507, 515, 55 S.W.2d 275, 278; Yerington v. Riss, Mo., 374 S.W.2d 52, 59; Younger v. Hoge, 211 Mo. 444, 111 S.W. 20, 18 L.R.A.,N.S., 94; Wade v. Ringo, 122 Mo. 322, 25 S.W. 901.

■ The appellant does not claim that there is no factual basis for the court's summary judgment, she admits that "The trial court applied what seems to be the existing rule of law in the State of Missouri to bar plaintiff's case in fraud." The entire thrust of her argument is that these four Missouri cases follow a minority view and are unsound and that "(t)he case at bar presents an ideal opportunity for re-examination of the rule of Reed v. Cooke." In her argument the only attempt to correlate the facts of this case with her contention that the rule should be changed and these cases overruled is this single statement: "In the case at bar the record indicates that there was no way for plaintiff to be aware of defendant's true intention. She was constantly assured that her employment would be for a substantial time, she was sent to Chicago for what she thought was not only to get new business, but to make initial acquaintances in the defendant's organization which hopefully would last a long time. * * * Defendant's intention became known to plaintiff only upon her discharge (which was in less than a month) after defendant had availed itself of plaintiff's knowledge and skill to get through the transition period." In these circumstances it may only be said as to the count in fraud that the court's judgment upon this phase of the cause is not in error: "It is the opinion of the Court that the rules as set out in the case of Yerington v. Riss, 374 S.W.2d 52, l. c. 59, quoting from Reed v. Cooke, the rule to be applied in this state is 'that fraud cannot be predicated upon a mere promise even though accompanied by a present intention not to perform it on the ground that even under such circumstances the promise is not a misrepresentation of an existing fact.'"

■ In the first count the petition alleged that the term of employment was "to be for a substantial period of time, to wit, not less than five (5) years." It is not claimed that there was a written contract between plaintiff and defendant and in the course of her deposition her counsel stipulated that there was "no written employment contract." There is in the file two interoffice letters, one from Mr. Dinkler to Mr. Rosenberg which contained this statement: "We want all the employees to feel secure and we do not ever contemplate making any changes as we would like to keep the same staff." Then on the stationery of Transcontinental Investment Corporation, the parent company, on June 14, 1962, Mr. Bechler wrote this to Mr. Rosenburg: "I have just spoken to Howard about the management situation in the Diplomat, and he has confirmed the prior agreement to continue with the present staff. I therefore suggest that the staff be told this if they are concerned." This correspondence was not addressed to Miss Godwin, the subject of the statute of frauds has not been briefed by her, and in these circumstances the action alleged in count one is barred by the statute of frauds; "No action shall be brought * * * upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized * * *." RSMo 1959, § 432.010, V.A.M.S.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All of the Judges concur.