Edward MULLEN, Plaintiff-Respondent,

v.

Bernard McDONALD and Dennis Gaunt, Defendants,

Bernard McDonald, Defendant-Appellant.

Edward MULLEN, Plaintiff-Respondent,

v.

Bernard McDONALD and Dennis Gaunt, Defendants,

Dennis Gaunt, Defendant-Appellant.

Nos. 34553, 34554.

Missouri Court of Appeals, St. Louis District, Division Two.

April 24, 1973.

Robertson, Ely & Wieland, St. Louis, for Dennis Gaunt.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, John J. Horgan, St. Louis, for Bernard McDonald.

John P. Montrey, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Plaintiff was injured while a passenger in an automobile which collided at an intersection with another car. From a verdict and judgment against them, each of the defendant drivers appeal.

Plaintiff's submission as to each driver was failure to keep a careful lookout, and each appeals on the basis that the evidence failed to support this submission. We affirm.

The collision occurred in the early morning hours at the intersection of Magnolia Street and Kingshighway Boulevard in the City of St. Louis. Defendant McDonald was proceeding west on Magnolia and was turning left into Kingshighway at the time of the collision. Plaintiff was asleep in the back seat of McDonald's car. Magnolia traffic was controlled by a flashing red light at that time. Defendant Gaunt was proceeding north on Kingshighway and traffic on that street was controlled by a flashing yellow light.

We review this case on the evidence most favorable to plaintiff.

■ We look first to McDonald. He arrived at the intersection, stopped his vehicle and lit two cigarettes, one for himself —one for his date. The driver in the car behind him said he looked to the right but not to the left and pulled into the intersection. McDonald said he looked both directions, and when he looked to his left saw headlights a block away (he modified this on cross-examination to two blocks) and proceeded into the intersection. His date looked left and saw nothing for three blocks. He proceeded into the intersection, attained a speed of 10 miles per hour; the front of his car crossed three lanes of Kingshighway and the impact occurred between the driver's door and the rear fender of the vehicle. Each lane was 12 feet wide. This evidence was sufficient to support plaintiff's submission as to McDonald. The testimony of the following driver warrants a finding that McDonald did not look to the left before entering the intersection. Even accepting McDonald's testimony that he looked and saw a car which he thought was Gaunt's two blocks[1] away that vehicle

1. It is common knowledge that a city block is approximately 300 feet. Lilly v.

Boswell, 362 Mo. 444, 242 S.W.2d 73 (1951) [4].

would have had to be traveling 90 miles per hour to have been involved in the collision which speed was completely unsupported by the testimony, the highest speed testified to being 35 by the driver behind McDonald. If McDonald looked he obviously didn't see Gaunt's car and that also warrants a submission of failure to maintain a lookout. Wells v. Wachtelborn, 410 S.W.2d 558 (Mo.App.1966) [1-4].

■ We turn to Gaunt. There was no direct evidence of Gaunt's distance from the intersection at the time McDonald started into it. Because of this Gaunt contends proximate cause was not established, if in fact there was a failure to maintain a lookout, which Gaunt also denies. Gaunt stated he saw McDonald's car when it was seven or eight car lengths from the intersection and slowing down. He did not see it again until it was twelve feet in front of him. He testified he turned his attention to a southbound car which was apparently about to turn left into Magnolia. The other witnesses denied the presence of this car. This evidence would warrant a jury in finding an absence of lookout by Gaunt. The evidence also warranted a finding that McDonald traveled 36 feet from his stopped position to the point of collision at an average speed of 5 miles per hour. This provided Gaunt with approximately 4.5 seconds to avoid the collision after he should have known of the impending danger. The lane to his right was admittedly clear. The jury could have found that had Gaunt been maintaining an adequate lookout he could, in that time, have avoided the accident.

The court properly submitted the issue of both defendants' negligence for failure to maintain a lookout to the jury.

The judgment is affirmed.

SIMEONE and KELLY, JJ., concur.