Donnell C. RITTER and Leonie Ritter, Plaintiffs-Respondents,

v.

LINDBERG ACOUSTICS, INC., and Donald D. Bartley, Defendants-Appellants.

No. 34623.

Missouri Court of Appeals, St. Louis District, Division Two.

Oct. 23, 1973.

Murphy, Kortenhof & Ely, St. Louis, for defendants-appellants.

Kappel, Neill, Staed & Wolff, Robert E. Staed, St. Louis, for plaintiffs-respondents.

SMITH, Presiding Judge.

■ Defendants appeal from a judgment entered upon a jury verdict against them in an intersectional automobile case.

Defendants' main point, framed both in reference to the motion for directed verdict and the verdict-directing instruction, is that the evidence did not support plaintiffs' humanitarian case. We review the evidence in the light most favorable to plaintiffs.

Plaintiff Donnell Ritter was operating his automobile southwardly on Ringer Road in St. Louis County. He approached the intersection of Ringer with Lindbergh Blvd. and stopped his vehicle approximately 5 feet from Lindbergh in accordance with a stop sign. He waited for two westbound cars to pass, and seeing nothing coming from either direction started across Lindbergh. Lindbergh is 24 feet wide at this point and the front of Ritter's car had reached a point 5 feet south of the Lindbergh pavement when the collision occurred. Defendant Bartley was driving a pick-up truck, loaded with 1500 pounds of steel in an eastwardly direction on Lindbergh. His view of the point at which Ritter stopped was clear. Lindbergh traffic has no traffic control at this intersection. Bartley was traveling at 30 miles per hour and testified he was 50 feet from the point of collision when Ritter left the stop sign. Bartley applied his brakes at that time and left 5 feet of skid marks. He also swerved slightly to his right. Ritter achieved a speed of between 5 and 10 miles per hour after his stop and was struck in approximately the middle of his 14 to 16 foot long vehicle.

Plaintiffs submitted their case to the jury on humanitarian negligence hypothesizing disjunctively failure (1) to slacken speed or (2) to sound a warning or (3) to swerve *to the left*.

■ It is conceded that the point of Ritter's immediate danger of collision was when he started up from the stopped position. Defendants contend that there is an absence of any evidence of defendants' position at that time except the defendants' testimony of 50 feet, and we must therefore accept that as the only evidence of

position. We disagree. At 5 miles per hour Ritter traveled 34 feet from his stop to the point of collision. This would consume 4.6 seconds at that speed. At 30 miles per hour Bartley traveled 202 feet in the same amount of time. The jury could properly find that in 4.6 seconds and 202 feet Bartley could have avoided the accident by any one of the three submitted actions. See Burns v. Maxwell, 418 S.W.2d 138 (Mo.1967); Mullen v. McDonald, 494 S.W.2d 694 (Mo.App.1973); Hinrichs v. Young, 403 S.W.2d 642 (Mo.1966).

In Bougeno v. Thompson, 499 S.W.2d 506 (Mo.1973) the Supreme Court held that the addition of the words "to the right" after the word "swerving" in a 17.-15 submission was an impermissible modification of that instruction. The arguments posited in that case and here to sustain the modification are the same. We are bound by the decision in Bougeno.

Judgment reversed and cause remanded for new trial.

SIMEONE and KELLY, JJ., concur.