**Lloyd SEARCY, Plaintiff-Respondent,**

v.

**John C. NEAL, Defendant-Appellant.**

**No. KCD 26328.**

Missouri Court of Appeals,
Kansas City District.

May 6, 1974.

George T. O'Laughlin, Miller & O'Laughlin, P. C., Kansas City, for defendant-appellant.

Thaine O. Blumer, Kenneth E. Arnold, Kansas City, for plaintiff-respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SHANGLER, Presiding Judge.

The plaintiff Lloyd Searcy was injured when the right rear tires on the farm truck

furnished him by his employer, defendant John C. Neal, Jr., blew out, causing the truck to overturn. The jury awarded the plaintiff a verdict of $17,500 and the defendant appeals.

The defendant employed a small number of regular employees on his farm and additional employees—plaintiff among them—during planting and harvesting seasons. On October 31, 1965, plaintiff was hauling a load of milo to a grain elevator in a 1964 GMC truck owned by defendant. The truck was southbound on U.S. Highway 69 when without warning he heard an explosion—in his words, "the tire blowed". With that, the weight of the load shifted to the right and rear of the truck, so that plaintiff lost control of the movement of the truck which then skidded 114 feet and overturned in a ditch. The plaintiff testified that he had been driving below the 55 mile per hour speed limit and that he had not struck any foreign object on the highway. The officer who investigated the accident noted in his report that both of the right rear tires were blown out, but at the trial could not recall specifically what had led him to that conclusion.

At the time of the occurrence the tires had had about 27,500 miles of wear. In the normal operation of the truck, the tires were often driven over rough and bumpy fields as well as on the highway. At the time of the accident, the truck was carrying nearly its load capacity of 24,000 to 27,000 pounds.

An employee of the defendant, Omar Eller, testified that immediately before the October 31, 1965 accident the condition of the tires on the GMC truck were generally about the same: pretty well worn but not smooth, with some tread remaining. Eller and another employee, Sipes, testified that about 18 months before the accident one of the right rear dual tires of the GMC had been cut and went flat. The cut, about two inches deep, had pierced the cord. Eller testified that he was with another employee, Harris, when defendant was in-formed about the cut and that defendant then gave instruction that the tire be repaired at a local service station. The tire was vulcanized, replaced on the truck, and at the time of the accident was mounted on the outside rear dual wheel.

The defendant Neal denied any knowledge that a tire had been cut that severely or that any truck tire had ever been vulcanized. He testified also that he regularly inspected his vehicles, including the tires, and that on the day of the accident he had personally serviced the GMC truck and tested the air pressure of the tires. He conceded, however, that a tire which had been damaged as described—a two-inch cut completely through the rubber and cord—would not safely haul substantial loads of grain and should be discarded rather than repaired.

The tires were not given in evidence; however, numerous photographs of the tires, taken after the accident, were received. Some of them purported to show the generally worn and chipped condition of the tires before the accident and others depicted the condition of the two right rear tires after the accident. The defendant read into evidence a statement by a tire expert who had examined photographs of the two right rear tires. It was his opinion that vulcanization is a safe and accepted repair practice widely used for truck and passenger car tires. He testified that less than $\frac{1}{2}$ of 1% of truck tire vulcanization fails when properly done and that even where improperly performed, the failure becomes evident within a few days. He testified also that one of the photographs disclosed a tire which had been vulcanized but that, in his opinion, the tire blew out in an area other than the vulcanized section. He concluded that the blow-out was not the result of defective vulcanization. He expressed no comment about the second right rear tire which was also flat after the accident.

At the close of all the evidence, defendant's motion for directed verdict was de-

nied. The court submitted plaintiff's theory of recovery by his verdict-director, Instruction No. 2:

Your verdict must be for the plaintiff if you believe:

First, plaintiff was an employee of the defendant, and

Second, defendant failed to provide reasonably safe tires on his truck, and

Third, defendant knew or by using ordinary care should have known of such condition and that such condition was reasonably likely to cause substantial harm, and

Fourth, defendant was thereby negligent, and

Fifth, as a direct result of such negligence the plaintiff sustained damage, unless you believe plaintiff is not entitled to recovery by reason of instruction No. 4.

The term "ordinary care" as used in this instruction means that degree of care that an ordinary careful and prudent person would use under the same or similar circumstances.

The defendant claims a plethora of error, from instructions given and refused, to his salient contention that a jury issue on any ground of negligence pleaded against defendant was not established by substantial evidence. After having given effect only to that testimony which is favorable to the verdict [Catalano v. Kansas City, 475 S.W.2d 426, 427 (Mo.App.1971)], we determine that the submission upon which the verdict rests lacks support in proof and, accordingly, reverse and remand the cause. This disposition would normally dispense with the need to assess the claim of instruction error, but the fallibility of plaintiff's proof and of his verdict-director Instruction No. 2 are so interrelated that a discussion of both points better clarifies the rationale of our decision. That is to say, defendant's contention that there was no substantial evidence from which the

jury could find that defendant was negligent in any particular pleaded or that such negligence proximately caused the upset of the truck cannot be evaluated without also determining whether the propositions in plaintiff's verdict-director that

Second, defendant failed to provide reasonably safe tires on his truck, and

Third, defendant knew or by using ordinary care should have known of such condition and that such condition was reasonably likely to cause substantial harm

sufficiently charge negligence and, if so, what conditions they submit as rendering the tires not reasonably safe.

■■■ A party may have an instruction on an issue pleaded and supported by the evidence or which has been tried voluntarily as though pleaded. Talbert v. Chicago R. I. & P. Ry. Co., 321 Mo. 1080, 15 S.W. 2d 762, 764[3] (banc 1929). The petition of the plaintiff charged negligence in five particulars:

1. In knowingly furnishing a defective tire on said motor vehicle at the time of the blowout

2. Negligently repairing one of said blown-out tires by vulcanizing

3. Negligently placing a boot where said tire was defective

4. Allowing said motor vehicle to be loaded with grain when it was known that said tire was worn and defective

5. In failing to give warning to the plaintiff of the known defect

It is evident from the context and grammatical progression of this recitation that the tire to which each specification of negligence alludes is the one which had been vulcanized. The plaintiff undertook to prove by evidence which came in without objection, however, that the other right rear tire had also blown out because of a

worn and chipped condition which made the tire unsafe, and if such proof was successfully made, that issue must be treated as if raised by the pleadings. Biehle v. Frazier, 360 Mo. 1068, 232 S.W.2d 465, 466[1–3] (1950).

■ Assignments of negligence not submitted to the jury are deemed abandoned. Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 241[1] (1955). It is evident that pleaded specifications of negligence three, four and five were not submitted by the proposition in plaintiff's verdict-director that "defendant failed to provide reasonably safe tires on his truck", and therefore are considered abandoned. Nor was there proof that the vulcanized tire was negligently repaired, so pleaded specification two was not submissible. What remains are pleaded specification one: that the tire which had been cut and later vulcanized was defective; and the issue tried by consent: that the other right rear tire was unsafe because worn and chipped.

The questions remain: (1) Was there proof that the cut and vulcanized tire was defective and that the other tire was worn and chipped and thus unsafe and that such condition(s) proximately caused the upset of the truck and resultant injury? (2) If so, does the prosposition of the verdict-director: "defendant failed to provide reasonably safe tires on his truck" submit either or both of such negligent conditions?

■ The constitutive elements of actionable negligence are: a duty on the part of the defendant to protect the plaintiff from injury, failure of the defendant to perform that duty, and injury to the plaintiff resulting from such failure. Dollar v. Ozark Engineering Co., 500 S.W.2d 727, 730[2] (Mo.App.1973); 65 C.J.S. Negligence § 2(1). In legal idiom, this formula is generally expressed as: negligence, causation, injury. The duty of an employer to his employee falls within this principle. Hightower v. Edwards, 445 S.W.2d 273,

275[1, 2] (Mo. banc 1969). An employer is not an insurer of the safety of his employee, but he must exercise ordinary care to furnish safe appliances with which to work, and if failure to exercise such care causes injury to the employee, the employer commits actionable negligence. Hines v. Continental Baking Company, 334 S.W.2d 140, 146[2] (Mo.App.1960). The employer's duty to exercise ordinary care applies also when the instrumentality of work is a motor vehicle. Anderson v. Asphalt Distributing Co., 55 S.W.2d 688, 692[3] (Mo.1932). Actual or constructive knowledge by the employer of the defective work appliance suffices to impose liability upon him. Marquardt v. Kansas City Southern Railway Co., 358 S.W.2d 49, 55[7, 10] (Mo. banc 1962).

■ It is the contention of appellant [citing Slagle v. Singer, 419 S.W.2d 9 (Mo.1967) and Brisette v. Milner Chevrolet Company, 479 S.W.2d 176 (Mo.App. 1972)] that in the absence of proof of specific conditions of defect in the tires and that such conditions proximately caused the injury, no actionable negligence was shown: that as to the vulcanized tires, there was no evidence that the repaired area blew out or that it was more susceptible to failure than any other part of the tire; and as to the other tire, there was no proof that it was in a dangerous condition. While appellant's postulate of liability is sound, his assessment of the proof is not entirely valid. Although there was neither evidence of negligent repair of the vulcanized tire or that the tire had been weakened by that procedure, the admission of defendant that a tire so badly cut would not be safe for hauling heavy loads of grain, and for that reason, had he known of it [and there was evidence that he did know], he would have discarded the tire rather than have it repaired would allow a jury to find that the tire was defective and unsafe. Nor would the inference from such evidence that a tire in such condition would be unsafe and likely to blow out require expert testimony; rather, it is a mat-

ter within the common knowledge of any juror. Delair v. McAdoo, 324 Pa. 392, 188 A. 181, 183[4] (1936); Elfeld v. Burkham Auto Renting Co., Inc., et al., 299 N.Y. 336, 87 N.E.2d 285, 286[6] (1949). From the evidence it was permissible for the jury to have inferred that the tire blew out because of the defective condition.

Although a worn and slick tire can be so defective as to be dangerous and thus support a finding of negligence [Slagle v. Singer, *supra*], the evidence concerning the condition of the non-vulcanized tire was not sufficient to support such a finding. There was testimony that the tire was worn and chipped on the sides, with tread remaining, but the extent of these conditions was not shown. That the tire was somewhat worn and with chipped sidewalls, however, are conditions that exist to some extent on practically every tire, and without more, do not prove a defective condition. Hobson v. Turner, 299 Ky. 324, 185 S.W.2d 550, 552[2] (Ky.App.1945). Thus, plaintiff proved two blowouts, the vulcanized tire and the non-vulcanized tire, but that only one blowout—the vulcanized tire—resulted from a defective condition for which defendant was responsible. The plaintiff failed to prove, however, which tire blew out first; and the evidence was clear that the first blowout precipitated the shift of truck load, the loss of control of the vehicle, and finally its upset. Nor is an inference of contemporaneous blowouts permissible. In the light of evidence that the truck did not run over any foreign objects and the failure of the proof to indicate any other reason for the non-vulcanized tire being blownout, the probability of the simultaneous blowout of a defective and non-defective tire is far too slight to be within the realm of common knowledge on which a jury could base such an inference.

An inference of negligence is legitimate when the evidence points to that conclusion with reasonable certainty. Williams v. Cavender, 378 S.W.2d 537, 541[2–4] (Mo.1964). When the plaintiff's own evidence shows that the injury may have resulted from one of two causes, for only one of which defendant would be liable, however, the burden falls on the plaintiff to show that the cause for which defendant was liable produced the resulting injury. Begley v. Connor, 361 S.W.2d 836, 839[1, 2] (Mo.1962); Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, 647[6] (1933). In the absence of such proof, the evidence leaves the proximate cause of the injury to speculation and conjecture, and the plaintiff's case must fail. State ex rel. City of St. Charles v. Haid, 325 Mo. 107, 28 S.W. 2d 97, 102[5] (banc 1930). In the circumstances of this case, plaintiff would have acquitted this burden by proof to a reasonable certainty that either the non-vulcanized tire was also unsafe or that the vulcanized tire blew out first. We accord plaintiff the benefit of all favorable inferences and conclude that there was no substantial proof that the non-vulcanized tire was defective and that the proximate cause of the truck's upset and plaintiff's injury remains a matter of speculation.

For these reasons, we sustain the contention of appellant that no submissible issue of actionable negligence was made by plaintiff. Accordingly, we reverse the judgment of the trial court. It appears, however, that the proof requisite to submission of his theory of recovery is available to plaintiff, so we remand the cause to allow him opportunity to develop such proof. Bauman v. Conrad, 342 S.W.2d 284, 289 (Mo.App.1961).

Since there is likelihood that this cause will be retried, we consider the sufficiency of Instruction No. 2 by which plaintiff submitted his theory of recovery. The wording of this instruction follows MAI 24.01 which is designed for F.E.L.A. cases and for that reason allows a general

submission of negligence.[1] The rationale of MAI is given in Ricketts v. Kansas City Stock Yards Co. of Maine, 484 S.W.2d 216, 221[3] (Mo. banc 1972): A recovery under F.E.L.A. requires proof of only slight negligence and for that reason a general submission of negligence suffices. In ordinary negligence actions, on the other hand, the negligent conduct must be a substantial factor in bringing about the injury, and for that reason in such cases MAI requires a finding of the particular unsafe condition which caused the injury.

▮▮▮ In *Ricketts* the workman was on a scaffold chipping off a concrete gutter when part of it fell causing him injury. The workman, following MAI 24.01, submitted an instruction which directed a verdict for him if:

First, defendant failed to provide reasonably safe conditions for work, and

Second, defendant was thereby negligent, and

Third, such negligence directly resulted in whole or in part in injury to plaintiff.

The defendant complained that the instruction was erroneous because it specified no condition as not being reasonably safe which could constitute the proximate cause of plaintiff's injury. The Court agreed, 1. c. 222[4–6]:

We also consider this instruction too broad and indefinite in submitting only failure to provide reasonably safe conditions of work but not submitting any condition as not being reasonably safe. Our view is that M.A.I. requires such a submission in all usual negligence cases . . .

The Court concluded that, in accordance with his theory of recovery, the plaintiff's verdict-director could have submitted a finding that the place or conditions of work were unsafe because the workman was required to stand below the gutter he was required to remove.

On the principle of *Ricketts* we must hold that plaintiff's Instruction No. 2 which submits propositions

Second, defendant failed to provide reasonably safe tires on his truck, and

Third, defendant knew or by using ordinary care should have known of such condition and that such condition was reasonably likely to cause substantial harm

does not require a finding of a particular unsafe condition which could have been the proximate cause of the injury, and therefore was prejudicially erroneous. We conclude further that the vagueness of the submission is compounded by the inappositeness of proposition Second, which submits failure to provide reasonably safe *tires*, and proposition Third, which posits the unsafe tires as a *condition*, in view of plaintiff's theory that the *tires* blew out as the result of disparate defective *conditions*.

The fallibility of a negligence verdict-director which does not submit the finding of a particular dangerous condition as the proximate cause of the injury is given poignancy by cases, such as this, where the proof asserted by the plaintiff is of more than one unsafe condition. Should, in such cases, the proof not be successful as to every unsafe condition asserted, there is no way to test the validity of a verdict for the plaintiff.

The judgment is reversed and remanded.

All concur.

---

1. MAI 24.01 Verdict Directing—F.E.L.A.—
   Failure to Provide Safe Place to work.
   Your verdict must be for the plaintiff if you believe:

   .     .     .     .     .

   Third, defendant failed to provide
   a. reasonably safe conditions for work, or
   b. reasonably safe appliances, or
   c. reasonably safe methods of work, or
   d. reasonably adequate help, and
   Fourth, defendant in any one or more of the respects submitted in paragraph Third was negligent, and
   Fifth, such negligence directly resulted in whole or in part in injury to plaintiff
   .     .     .