S. P. PERSONNEL ASSOCIATES OF
SAN ANTONIO, INC., Respondent
(Plaintiff),

v.

HOSPITAL BUILDING & EQUIPMENT
CO., INC., a corporation, Appellant (Defendant and Third-Party Plaintiff),

v.

Michael ZADICK, Respondent
(Third-Party Defendant).

No. 35725.

Missouri Court of Appeals
St. Louis District,
Division Three.

April 15, 1975.

Motion for Rehearing or Transfer
Denied June 26, 1975.

346

Sestric, Sestric, Sweet & McGhee, W. Thomas McGhee, St. Louis, for appellant.

Lawrence Sanders, St. Louis, for respondent (plaintiff).

Lashly, Caruthers, Thies, Rava & Hamel, Darold Crotzer, Jr., Steven M. Stone, St. Louis, for respondent (third-party defendant).

GUNN, Judge.

This suit is founded upon a claim by an employment agency for its fee for services rendered in the procurement of a national sales manager for an employer. The employer counterclaimed for salary paid to the sales manager and also filed a third-party action against the sales manager for damages. The trial court dismissed the employer's third-party petition, and a jury returned a verdict in favor of the employment agency for $3,000. The employer has appealed asserting that the trial court erred in dismissing the third-party petition and in the giving of instructions. We affirm the judgment.

On appeal we review the evidence in the light most favorable to plaintiff-respondent. *Ritter v. Lindberg Acoustics, Inc.*, 501 S.W.2d 207 (Mo.App.1973). This case had its inception with defendant-appellant Hospital Building and Equipment Co., Inc. placing an advertisement in the *Wall Street Journal* seeking an experienced hospital equipment sales manager for a position in St. Louis. Plaintiff-respondent S. P. Personnel Associates of San Antonio, Inc. responded to the advertisement and informed defendant that it represented Michael Zadick of Memphis, Tennessee, who apparently possessed the requisite qualifications for the sales manager defendant was seeking. Plaintiff forwarded a resume of Zadick's qualifications to defendant and discussed with defendant the possible placement of Zadick. Coincidently with plaintiff's sending of the resume, Zadick also sent his resume to defendant, but in discussions with plaintiff, defendant stated that it intended to respect the fact that plaintiff was the first to submit the resume and would therefore deal with plaintiff. According to plaintiff it was agreed that defendant would pay a placement fee of 15 percent of the employee's first year's salary, to be paid if he were employed by defendant and after working the first thirty days of employment. If for any reason the employment

terminated before the expiration of thirty days, the plaintiff would receive no fee. Defendant interviewed Zadick on two occasions, and he was hired as sales manager at an annual salary of $30,000 plus a $5,000 bonus. After working two or three weeks, Zadick indicated to defendant that his wife did not want to move to St. Louis from Memphis and that he might not be able to continue his employment. Defendant tried to persuade Zadick to stay, as defendant was pleased and satisfied with his work. However, Zadick left defendant's employment after having worked six weeks and drawing $5,234.55 in salary and expenses. During his period of employment with defendant, Zadick with the approval of defendant, commuted between St. Louis and Memphis, but without defendant's approval he apparently also retained his job with his former employer.

Plaintiff made claim for a placement fee of $4,500 based on 15 percent of Zadick's annual salary rate of $30,000, and upon defendant's refusal to pay, plaintiff brought suit based on express contract for $4,500. Defendant counterclaimed, alleging that plaintiff misrepresented to defendant that Zadick was available for full-time employment when, in fact, he was not. Defendant also filed a third-party action against Zadick seeking to implead Zadick to recover reimbursement for salary and expenses paid Zadick and for any sums adjudicated against defendant in favor of plaintiff arising out of plaintiff's action. Zadick's motion to dismiss the third-party petition was granted by the trial court, and the jury returned a verdict in favor of plaintiff for $3,000.

On appeal, defendant contends that the trial court erred in dismissing the third-party petition against Zadick. Defendant also contends that the trial instructions were erroneous in that: 1) plaintiff's instructions failed to negate defendant's affirmative defense of misrepresentation by plaintiff that Zadick was available for full-time employ-

ment; 2) the instruction given for plaintiff constituted a submission in quantum meruit when the pleadings and proof were of an alleged expressed contract; 3) the trial court refused an instruction defining the word "hire."

We first consider the dismissal by the court of defendant's third-party petition against Zadick. Our Supreme Court's decision in *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124 (Mo. banc 1974), is a beacon on this issue. Rule 52.11, V.A.M.R., governs defendant's third-party petitions in that it allows a defendant to bring in a third-party "who is or may be liable to him for all or part of the charges claimed against him." In Kimberlin it was said that "[i]f the liability of the third-party defendant is not dependent on the liability of the third-party plaintiff" the court would have no jurisdiction over the petition, since it would not be within the ambit of Rule 52.11. Thus, under Kimberlin, if the third-party plaintiff (Defendant Hospital Building Equipment) could proceed and recover against the third-party defendant (Zadick), even if it were to win in the suit brought by the plaintiff (S. P. Personnel), the petition would not be covered by Rule 52.11. Defendant could proceed against Zadick for salary payments even if it were determined that defendant did not have to pay the placement fee to plaintiff. Therefore, the third-party petition on this issue should have been dismissed under Kimberlin for lack of jurisdiction. Further, the placement fee issue is based on an alleged contract between plaintiff and defendant with no suggestion that Zadick was a party to the contract. Therefore, Zadick could not be liable for any part of plaintiff's claim against defendant, and even if possible liability existed for Zadick to defendant for salary and expenses, such liability would not be dependent on plaintiff's claim. It is manifest from the following language of Kimberlin that defendant's third-party petition was not within Rule 52.11 and was properly dismissed:

"Whether the third-party claim is based on a different theory from that alleged in the original complaint and whether the third-party petition introduces new factual issues are factors which are properly considered by a trial judge in determining whether he should exercise his discretion and dismiss the claim, but they are not determinative of the jurisdictional issue of whether the third-party defendant is or may be liable to the defendant for all or part of the plaintiff's claim. What is determinative is whether the facts set forth in the third-party petition constitute a basis for a theory by which the third-party defendant would be liable to the third-party plaintiff if such third-party plaintiff is found to be liable to the original plaintiff. If the liability of the third-party defendant is not dependent on the liability of the third-party plaintiff, the claim would not come within the provision of Rule 52.11." *State ex rel. Green v. Kimberlin, supra* at 127.

Defendant next contends that plaintiff's verdict directing instruction was in error as it did not negate defendant's affirmative defense of misrepresentation. Defendant, on appeal, asserts that plaintiff was guilty of misrepresentation in two regards: 1) that Zadick had misrepresented his qualifications in his resume and that by sending a resume of Zadick's qualifications to defendant, plaintiff also made misrepresentation as to those qualifications; 2) that plaintiff represented to defendant that Zadick was available for full-time exclusive employment with defendant when, in fact, he was not.

Where facts appear to support a pleaded affirmative defense, it is error to omit the tail of plaintiff's verdict directing instruction which negates that defense. *Moore v. Ready Mixed Concrete Co.,* 329 S.W.2d 14 (Mo. banc 1959); *Fowler v. Laclede Gas Co.,* 488 S.W.2d 934 (Mo.App.1972). But where the evidence does not support such a defense, the plaintiff's verdict di-

rector need not negate that defense. *Linwood State Bank v. Lientz,* 413 S.W.2d 248 (Mo.1967); *Fowler v. Laclede Gas Co., supra.* We find that defendant's evidence was not such as to require the giving of the affirmative defense tail to plaintiff's verdict director. We observe that the affirmative defense and counterclaim as pleaded by plaintiff alleged only misrepresentation as to Zadick's availability. The assertions of misrepresentation as to Zadick's qualifications as set forth in the resume are outside the scope of the pleadings, and we do not consider them. The claim of alleged misrepresentation that Zadick was available for full-time exclusive employment with defendant is without merit. There is nothing in the record to substantiate that plaintiff represented that Zadick was available for full-time exclusive employment. Plaintiff cannot be found to guarantee Zadick's future intentions, and fraud cannot be predicated on a mere promise to act in the future even if accompanied by a present intention not to perform it. Such a promise is not a misrepresentation of an existing fact. *Godwin v. Dinkler St. Louis Management Corp.,* 419 S.W.2d 70 (Mo.1967); *Yerington v. Riss,* 374 S.W.2d 52 (Mo.1964); *Brennaman v. Andes & Roberts Bros. Constr. Co.,* 506 S.W.2d 462 (Mo.App.1973). Zadick's expressed intention to be available for employment was not shown to be false at the time it was made. Therefore, a charge of fraud or misrepresentation cannot be predicated upon the fact that Zadick did not leave his former employer, particularly when it was known to defendant that Zadick was employed by another company at the time of the employment interviews, the job offer and Zadick's acceptance of the job offer.

Defendant also contends: 1) that plaintiff's verdict director and damage instruction together constituted an attempted quantum meruit submission when only an expressed contract was pleaded and attempted to be proven; 2) that plaintiff's verdict director should have hypothesized the terms of contract; 3) that plaintiff's damage instruction was erroneously patterned after MAI 4.01 whereas MAI 4.05 was the appropriate damage instruction.

Plaintiff's verdict director was as follows:

"Your verdict must be for Plaintiff on Plaintiff's Petition if you believe:

First, Plaintiff arranged a meeting between Michael Zadick and Defendant for the purpose of interviewing for a job as National Sales Manager of Defendant pursuant to an agreement that Defendant would pay Plaintiff a fee if it hired Michael Zadick for said job, and

Second, Defendant hired Michael Zadick for said job, and

Third, Defendant has breached said agreement by failing to pay Plaintiff such fee."

Plaintiff's damage instruction patterned after MAI 4.01 was as follows:

"If you find the issues in favor of Plaintiff on Plaintiff's Petition, then you must award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages which you believe it sustained as a direct result of the breach of contract of Defendant, together with 6% interest thereon from November 1, 1970." [1]

It is true that when the pleadings declare only an express contract, "no recovery thereon can be had on the theory of implied contract or on the theory of quantum meruit, or on mere proof of reasonable value of the services." *O'Neal v. Mavrakos Candy Co.,* 255 S.W.2d 138, 140 (Mo.App.1952). But plaintiff did not attempt to recover in quantum meruit as

1. MAI 4.05 provides: "4.05 Damages—Broker's Commission—Agreed Percentage

If you find in favor of Plaintiff, then you must award him such sum as you believe he and Defendant agreed upon as a commission together with 6% interest thereon from ____, 19__."

contended by defendant. Only an express oral contract was pleaded and attempted to be proved, and MAI 4.01 is an appropriate instruction in a breach of contract action; its use was proper here. *Boten v. Brecklein,* 452 S.W.2d 86 (Mo.1970); *Gottlieb v. Hyken,* 448 S.W.2d 617 (Mo.1970). As shall be emphasized further in this opinion, there was an admission at trial by defendant that it had agreed to pay plaintiff "something" with a discussion centering on $3,000. Therefore, under the circumstances of this case where there is an admitted acknowledgment by defendant that it is liable for some damages and the amount of damages is in dispute, defendant was not prejudiced by the submission of plaintiff's verdict directing instruction and the damage instruction patterned after MAI 4.01 under plaintiff's action to recover under the alleged express oral agreement.

Further, we find that there was sufficient hypothesis of the facts of the case in plaintiff's verdict directing instruction. A reasonable juror could understand the instruction in the light of the evidence without further encumbering the instruction by hypothesizing evidentiary detail. See *Anderson v. Sellers,* Mo.App., 521 S.W.2d 33 (1975). The instruction was not misleading, and it is sufficiently in compliance with Rule 70.01. *Bomson v. Electra Mfg. Co.,* 402 S.W.2d 7 (Mo.App.1966).

We also find that there was no reversible error in the giving of MAI 4.01 rather than MAI 4.05 as the damage instruction. It is the general rule in Missouri that where an MAI instruction is applicable its use is mandatory. *Bueche v. Kansas City,* 492 S.W.2d 835 (Mo. banc 1973), and such instructions must be given to the exclusion of any other on the same subject. Rule 70.01. We find from the record that defendant, through its president, conceded that it owed "something" to plaintiff for its placement services and that defendant understood that it was to pay a fee for plain-

tiff's services; that a figure of $3,000 as such fee was discussed after Zadick had terminated employment with defendant. Thus, the jury had before it through defendant's own evidence, something other than the agreed percentage figure suggested by MAI 4.05. A party is entitled to have an instruction on issues pleaded and supported by the evidence on such issues which have been tried voluntarily as by implied consent of the parties so that it is treated as if raised by the pleadings. *Nicklas v. Lincoln Liberty Life Ins. Co.,* 518 S.W.2d 106 (Mo.App.1974); *Galemore Motor Co. v. State Farm Mutual Automobile Ins. Co.,* 513 S.W.2d 161 (Mo.App.1974); *Searcy v. Neal,* 509 S.W.2d 755 (Mo.App.1974). The plaintiff is permitted to take advantage of defendant's admissions and concessions during the course of trial and to call upon all evidence favorable to his case, including defendant's evidence, when instructing the jury. Since the jury may find for plaintiff on all the evidence—not just plaintiff's evidence—it was proper to instruct under MAI 4.01 rather than the more restrictive MAI 4.05, and defendant was not prejudiced thereby.

Finally, defendant contends that the trial court erred in failing to define the term "hire" as requested by defendant. It is the general rule that "words of common usage which are generally understood, when used in a charge to the jury, need not be defined in the absence of a request . . . and not always when requested." *State v. Goodman,* 490 S.W.2d 86, 87 (Mo. 1973). Although the court should explain to the jury the meaning of legal or technical terms occurring in its instructions, *Swinger v. Bell,* 373 S.W.2d 30 (Mo.1963), the meaning of ordinary words used in their usual or conventional sense need not be explained to the jury; the trial court may properly refuse request for instruction seeking the definition of such ordinary words. *Burns v. Vesto Co.,* 295 S.W.2d 576 (Mo. App.1956). There was no error in this case

in refusing to define the word "hire." See *State v. Taylor,* 486 S.W.2d 239 (Mo.1972).

The judgment is affirmed.

SIMEONE, P. J. and McMILLIAN, J., concur.

## ON MOTION FOR REHEARING

PER CURIAM:

On motion for rehearing defendant-appellant Hospital Building & Equipment Co., Inc. argues that our opinion changes the substantive law of contracts by permitting a submission under quantum meruit whereas plaintiff's suit was filed in express contract. Defendant attacks our reference to the fact that at trial defendant acknowledged that it owed "something" to plaintiff for plaintiff's services and that the amount of $3,000 was discussed. We uphold the right of the jury to consider defendant's admission in this regard, but defendant asserts that its testimony may not serve to vary the amount of the express contract sued on by the plaintiff. We have said that defendant was not prejudiced by allowing the jury to consider evidence submitted by defendant which would reduce the amount of recovery to plaintiff. We find *Polen v. Kansas City Chip Steak Co.,* 404 S.W.2d 416 (Mo.App.1966) dispositive of defendant's argument. The holding of the Polen case is that where a plaintiff sues for an amount fixed by an express contract and the jury finds for the plaintiff in a lesser amount, then, even though plaintiff is willing to accept the lesser amount, the defendant is entitled to a new trial, for the jury has disregarded the issue. That is the position taken by the defendant here, and we do not quarrel with or seek to change the law as so stated. But the Polen case goes further and holds that where the defendant—as in this case—has introduced evidence which would tend to lessen the amount of plaintiff's recovery, the defendant may not complain, for there is no prejudice to defendant in such case.

The motion for rehearing is overruled.

All Judges concur.